The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM A. ZIETZKE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. MC19-0078RSL<br><br>DECLARATION OF AMANDA SNOW<br><br>NOTE ON MOTION CALENDAR:<br>August 30, 2019 |

I, Amanda Snow, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Revenue Agent of the Internal Revenue Service and am employed in the Small Business/Self Employed Division. My post of duty is Tacoma, Washington.

2. The IRS is conducting an examination of the federal income tax liability of William A. Zietzke for tax year 2016, including whether Mr. Zietzke's amended federal income tax return for 2016, in which he claims an entitlement to a refund of tax paid based on the removal of two bitcoin transactions, should be allowed.



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

3. In my capacity as a Revenue Agent, I have been assigned to the aforementioned examination. I am authorized to issue IRS summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1.

4. Part of the IRS's examination includes a determination of Mr. Zietzke's bitcoin activity for tax year 2016, as well as earlier years. IRS records indicate that Mr. Zietzke has used Bitstamp, USA, Inc., a digital currency exchange platform, to conduct bitcoin transactions.

5. In furtherance of this examination and in accordance with 26 U.S.C.§ 7602, on June 7, 2019, I issued a summons directing Bitstamp to produce for examination books, records, papers, and other data as described by the summons to me by July 15, 2019, at 4:00 p.m. A copy of the summons directed to Bitstamp is attached as Exhibit A.

6. In accordance with 26 U.S.C.§ 7603, on June 7, 2019, I served the summons by hand delivery to Bitstamp, 4505 Pacific Highway, Suite C-2, Fife, Washington 98424, as evidenced by the certificate of service included with Exhibit A.

7. In accordance with 26 U.S.C. § 7609, on June 7, 2019, I sent separate notices of the summons described above by certified mail to Mr. Zietzke and his counsel, John McWilliams.

8. The documents and information demanded in the summons are not already in the possession of the IRS.

9. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.

10. Mr. Zietzke and his wife timely filed a joint 2016 federal income tax return (Form 1040). That return reported a tax liability of $36,594, which was paid in full.



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

11. On August 14, 2017, Mr. Zietzke and his wife filed an amended 2016 federal income return (Form 1040X). The amended 2016 return showed a reduced tax liability of $21,119 and claimed a refund of $15,475.

12. The only change on the amended return related to the capital gain reported on the Schedule D and Form 8949 attached to the return. The original return reported long-term capital gain from seven transactions involving the sale or disposition of bitcoin and the amended return removed the two largest of these transactions.

13. The bitcoin transactions are summarized below:

| Property | Acquisition Date | Sale Date | Sale Proceeds | Cost Basis | Gain/Loss | Original Return | Amended Return |
|---|---|---|---|---|---|---|---|
| bitcoin | 8/15/11 | 1/11/16 | $224 | $5 | $219 | X | X |
| bitcoin | 8/15/11 | 2/23/16 | $60 | $1 | $59 | X | X |
| bitcoin | 8/15/11 | 2/23/16 | $120 | $3 | $117 | X | X |
| bitcoin | 8/15/11 | 4/5/16 | $5 | $0 | $5 | X | X |
| bitcoin | 8/15/11 | 5/4/16 | $10 | $0 | $10 | X | X |
| bitcoin | 9/12/11 | 1/7/16 | $68,400 | $1,490 | $66,911 | X | |
| bitcoin | 9/12/11 | 6/18/16 | $37,659 | $497 | $37,163 | X | |

14. The removal of the last two transactions reduced Mr. Zietzke's Schedule D long-term capital gain from $104,482 to $410. This reduction in capital gain is the sole basis for the claimed refund.

15. The bitcoin transactions reported by Mr. Zietzke were reported on Schedule D and Form 8949 as capital gain transactions.

16. Based on the information the IRS has been able to gather in the course of its examination, in addition to Bitstamp, Mr. Zietzke uses the cryptocurrency services provided by at least two other entities, Coinbase, Inc. and Purse.io.

17. In response to an IRS request for information, on November 14, 2018, Mr. Zietzke provided the IRS with a spreadsheet that detailed the acquisition (purchase) and



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

disposition of the five bitcoin transactions that were not removed in the amended 2016 return. It also included partially redacted screenshots from Mr. Zietzke's Coinbase and Purse.io accounts.

18. In that November 14, 2018 response, Mr. Zietzke asserted for the first time that the acquisition dates of the bitcoin in the five transactions was in 2014 rather than 2011, as reported on both his original and amended 2016 returns.

19. Mr. Zietzke's response did not provide any information to support his claim that the two originally-reported bitcoin transactions did not actually occur.

20. Mr. Zietzke has indicated that he uses Armory wallet software for all of his personal wallets. He has indicated that his personal wallet holdings were maintained completely independent of his hosted wallet holdings (i.e., Coinbase and Purse.io).

21. In addition, Mr. Zietzke has indicated that his Coinbase holdings were acquired using U.S. dollars transferred into his Coinbase account from a personal bank account, after which the bitcoin purchased on Coinbase was transferred to his hosted wallet with Purse.io.

22. In support of his contention that no transactions occurred during 2016 with respect to his personal wallets, Mr. Zietzke has provided the IRS with a screenshot from his Armory wallet software attempting to show that the Armory wallets were not "restored" during 2016.

23. However, Mr. Zietzke's explanations do not reconcile with all of the information he has provided the IRS. Specifically, the bitcoin transferred into Mr. Zietzke's Purse.io account does not appear to come from his Coinbase account, it appears to have come from a personal wallet.

24. Mr. Zietzke has represented to the IRS that he maintained his bitcoin holdings in two separate groups. The first group was his personal holdings managed through the Armory



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

wallet software. Mr. Zietzke has represented that he engaged in no transactions during 2016 with that group and that the screenshot indicating no "restores" of the Armory wallet during 2016 supports that contention because of the particular method he employed in managing his wallets.

25. Mr. Zietzke has further represented that the second group of his bitcoin holdings is entirely independent of the first group and originated with his deposit of U.S. dollars into his Coinbase account from a personal bank account. He indicated that he used the money to purchase bitcoin on Coinbase and then either disposed of the bitcoin during 2016 on Coinbase or transferred it to his Purse.io account where he disposed of it during 2016 by receiving goods from Amazon through third-parties in exchange for the bitcoin.

26. The IRS has reviewed all of the information received from Mr. Zietzke and was able to trace some of the Purse.io transactions using the transaction IDs listed on the Purse.io information provided.

27. The IRS was able to verify that the bitcoin held at Purse.io did not come from Mr. Zeitzke's Coinbase account as he had indicated. Further, the IRS was able to trace some of those coins to other hosted wallet platforms, one of which being Bitstamp.

28. Mr. Zietzke had not informed the IRS that he had any other hosted wallets.

29. In order to determine Mr. Zietzke's correct federal income tax liability, the IRS needs to ascertain, for example, whether Mr. Zietzke conducted five or seven (or more) bitcoin transactions in 2016, what bitcoin were used to conduct those transactions, when the used bitcoins were acquired, how the used bitcoin were acquired, and when the relevant bitcoin were used.



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

30. The summons, attached as Exhibit A, seeks records that may reveal the account details and transaction activity of Mr. Zietzke. This information may be relevant to the underlying IRS examination into Mr. Zietzke's refund claim.

31. More specifically, the first, second, and third requests included in the summons are directed at establishing ownership and control over the account by Mr. Zietzke. Mr. Zietzke has failed to disclose to the IRS anything about the existence of a hosted wallet account with Bitstamp, but the IRS has evidence of transfers of bitcoin from such an account. Although the requests include a reference to "user profile information" the IRS is not seeking passwords, security settings, or account recovery information.

32. Requests four through seven are directed at obtaining transactional information for services provided by, or transactions conducted through, Bitstamp. Mr. Zietzke has failed to provide a complete picture of his bitcoin activity for 2016 or the source of his holdings for purposes of properly determining basis in any bitcoin disposed of during 2016. Mr. Zietzke also maintains that he did not engage in certain transactions that he originally reported on his 2016 tax return. In order to determine whether he did not engage in those transactions, the IRS needs to verify the amount of Mr. Zietzke's holdings and verify that none of the holdings were disposed of during 2016.

33. Requests eight and nine are directed at verifying actual disposition. Due to the pseudo-anonymous nature of bitcoin (and cryptocurrency generally) an individual may transfer units of bitcoin from one address to another address that is also controlled by the same individual. Without knowing who controls the receiving address, the IRS is unable to determine whether the transfer is a taxable event. Mr. Zietzke's reporting of two sizable bitcoin



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

transactions that he now claims were not really dispositions requires the requested counterparty information as a means to establish whether a taxable disposition occurred.

34. Requests ten and eleven are directed at understanding what communications Mr. Zietzke and Bitstamp may have had about his account and his transactions. As with requests eight and nine, this will help the IRS understand the context of certain transactions as well as whether those transactions constituted taxable events.

35. Request twelve is directed at obtaining copies of any tax reporting information prepared by Bitstamp, which may be relevant to a determination of Mr. Zietzke's correct tax liability.

36. As indicated, IRS records reveal that Mr. Zietzke has used Coinbase, Inc., another virtual currency exchanger. The IRS has issued a summons to Coinbase and Mr. Zietzke has instituted a proceeding to quash that summons in the Northern District of California. That proceeding is pending.

37. The information that I have obtained in connection with this examination is retained primarily in paper form. To the extent I have received information electronically, it is stored in internal non-public facing computer systems.

38. The IRS has issued a summons directly to Mr. Zietzke. Mr. Zietzke failed to appear at the date and time set forth in the summons.

39. There is no "Justice Department referral," as that term is described in 26 U.S.C.§ 7602(d)(2), in effect with respect to Mr. Zietzke.

40. On July 30, 2019, I received an envelope from Bitstamp. I have not reviewed the contents of the envelope and I will not review the contents of the envelope until an order is issued in this matter.



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of August 2019, in Tacoma, Washington.

AMANDA SNOW
Internal Revenue Service
Revenue Agent



**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683